NO. 07-09-0373-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL E

 SEPTEMBER 27, 2010

 In the Interest of A.S., a Child
 ___________________________

 FROM THE 316th DISTRICT COURT OF HUTCHINSON COUNTY;

 NO. 38,213; HONORABLE JOHN LAGRONE, PRESIDING

 Memorandum Opinion

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]
 Tammy Lea Smith (Smith) appeals the termination of her parental
rights to her five-year-old daughter A.S. by attacking the sufficiency
of the evidence underlying the findings with regard to the child’s
best interest and the various statutory grounds alleged. We affirm.
 We initially observe that Smith failed, in both her motion for
new trial or statement of points on appeal, to allege that the
evidence was either legally or factually insufficient to support a
finding that termination was in the child’s best interest. Thus,
those complaints were not preserved for review. See In re C.M., 208
S.W.3d 89, 92 (Tex. App.–Houston [14th Dist.] 2006, no pet.).

 Next, the trial court found by clear and convincing evidence
that termination was warranted under §161.001(1)(D), (E), (I), and (O)
of the Texas Family Code. If there be sufficient evidence to support
the existence of any one of those grounds, then we must affirm its
decision. In re K.C.B., 280 S.W.3d 888, 894-95 (Tex. App.–Amarillo
2009, pet. denied).
 Next, the record before us contained the following evidence.
Smith had been a long-time abuser of drugs, that is, marijuana,
methamphetamine, and cocaine. Each hair follicle drug test she took
during the eighteen months that her daughter was in foster care came
back positive. She further admitted to using marijuana and
methamphetamine less than thirty days prior to trial. Smith also
admitted to being arrested numerous times for possessing drugs,
shoplifting, or public intoxication. So too has she been jailed at
least six times since A.S. was born. Appellant also moved frequently,
once had been evicted from her abode due to her drug use, lacked
electricity in one home, lived a nomadic life with friends, lost a job
due to drug use, and lived with a boyfriend with whom she used drugs.
The latter was also a violent individual and physically abused Smith.
According to A.S., her mother’s boyfriend was responsible for a cut
lip and a mark across her back. Other men with whom Smith had lived
were also abusive. And, though she claimed that she was employed with
a “private” lady, appellant failed to provide proof of employment to
Child Protective Services. Next, it appeared that A.S. spent most
weekends with her purported grandparents, one of which described the
child as being dirty and hungry whenever they picked her up. The
house in which the child lived with her mother was further described
as smelling of marijuana. A grandparent also testified that Smith
oftimes could not be awakened when the child was returned home.
Additionally, A.S. told others that she was afraid of her mother, that
her mother would leave her alone, and that she feared her mother’s
boyfriend. A.S. also asked her foster mother if her husband was going
to cut her clothes with a knife, if he was going to throw the foster
mother’s possessions out of the window, and why he did not hit the
foster mother and her other children.
 Other evidence illustrated that Smith failed to complete her
parenting classes or counseling. So too did a psychologist conclude
that Smith had poor parenting skills and would have difficulty caring
for a five-year-old child. Finally, Smith admitted that she was
unable to care for the child. All of this constitutes clear and
convincing proof that the child’s surroundings and environment
endangered A.S.’ physical and emotional well-being. Thus, the trial
court had ample evidence to support termination under that ground.
See Tex. Fam. Code Ann. §161.001(1)(D) (Vernon Supp. 2010)
(termination may be warranted when a parent knowingly placed or
knowingly allowed a child to remain in conditions or surroundings
which endangered the physical or emotional well-being of the child).

 Accordingly, we overrule Smith’s issues and affirm the
termination order.

 Brian Quinn
 Chief Justice
-----------------------
 [1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals,
sitting by assignment. Tex. Gov’t Code Ann. §75.002(a)(1) (Vernon
2005).